UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FRANK JAMES PIZZO,

    Petitioner,

v.                                   Case No. 8:07-cv-1990-EAK-EAJ

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner Frank James Pizzo's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner challenges his convictions for Dealing in Stolen Property in Case No. 02-1573CFAES and Aggravated Battery in Case No. 00-1814CFAES arising out of charges filed in the Sixth Judicial Circuit in Pasco County, Florida.

## BACKGROUND

Pizzo's underlying convictions and sentences are based on a violation of probation in Case No. 00-1814, for the offense of aggravated battery.[1] The new offense of dealing in stolen property in Case No. 02-1573 was the basis for the violation of probation charge. Resp. Ex. 1.

Pizzo appeared for a change of plea hearing on June 27, 2002, before the Honorable W. Lowell Bray, Jr., Circuit Judge. Resp. Ex. 2. Pizzo was represented by Assistant Public Defender

---

[1] Pizzo was originally charged with attempted murder in the first degree. However, he entered a negotiated nolo contendere plea to the reduced charge of aggravated battery on May 21, 2001, and received a sentence of one year in the county jail followed by five years probation.

1

Dean Livermore. Pizzo plead no contest to dealing in stolen property and the violation of probation. The court sentenced Pizzo to a guidelines sentence of 180 months on the violation of probation charge coupled with the aggravated battery charge, followed by 56.85 months on the dealing in stolen property charge. Resp. Ex. 3. On June 28, 2002, Pizzo was resentenced to 170.7 months in Case No. 00-1814 because the sentence previously imposed exceeded the statutory maximum. Resp. Ex. 4. Pizzo did not pursue a direct appeal of either case.

On December 18, 2003, Pizzo filed a pro se Motion for Postconviction Relief, pursuant to Florida Rule of Criminal Procedure 3.850. Resp. Ex. 5. Pizzo raised three grounds for relief: (1) Pizzo's plea was involuntary and unknowingly made because he suffered from mental illness and was not on proper medication at the time he entered the plea; (2) trial counsel was ineffective for failing to object when the State failed to provide a sufficient factual basis for the offense charged; (3) trial counsel was ineffective for failing to object when the trial court failed to formally accept Pizzo's plea.

On December 1, 2004, the state trial court issued an Order Denying Motion for Post Conviction Relief in Part and Directing the State to Respond in Part, wherein the court summarily denied ground three and ordered the State attorney to respond to grounds one and two. Resp. Ex. 6. On February 4, 2005, the State filed its response. Resp. Ex. 7. On February 14, 2005, the court entered an order granting an evidentiary hearing on ground one and summarily denying ground two. Resp. Ex. 8. The evidentiary hearing was held on September 22, 2005, before the Honorable Judge Bulone, Circuit Judge. Resp. Ex. 9. Pizzo was represented by attorney Scott McCluskey. The court entered a final order denying the motion for postconviction relief on December 14, 2005. Resp. Ex. 10.

Pizzo appealed the adverse rulings. Pizzo filed the intial brief pro se on January 3, 2006. Resp. Ex. 11. The State filed its answer brief on August 21, 2006. Resp. Ex. 12. On December

15, 2006, in Case No. 2D05-5786, the Second District Court of Appeal filed a *per curiam* unwritten opinion affirming the denial of postconviction relief. Resp. Ex. 13. *Pizzo v. State*, 947 So. 2d 1173 (Fla. 2d DCA 2006)[table]. Pizzo then filed a motion for rehearing or clarification, which the appellate court denied on January 30, 2007. Resp. Exs. 14, 15. The court issued its mandate on February 15, 2007. Resp. Ex. 16.

STATE PETITION FOR WRIT OF HABEAS CORPUS

On August 8, 2006, while the appeal of the denial of his postconviction relief motion was pending, Pizzo filed an emergency state petition for writ of habeas corpus in the Florida Supreme Court, in Case No. SC06-1706. Resp. Ex. 17. On October 4, 2006, the Florida Supreme Court transferred the petition to the state trial court for consideration as a motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 or Rule 3.800(a). Resp. Ex. 18.

On October 16, 2006, the state trial court issued an order treating the petition as a Rule 3.850 motion for postconviction relief and dismissed the motion for lack of jurisdiction due to the pendency of the appeal from the orders denying his initial Rule 3.850 motion after the evidentiary hearing. Resp. Ex. 19. Pizzo filed a motion for rehearing which was denied by the state trial court on November 17, 2006. Resp. Exs. 20, 21. Pizzo then filed a petition for writ of certiorari in the Florida Supreme Court which that court treated as a notice of appeal from the trial court's order dismissing the motion for postconviction relief. Resp. Ex. 22. The Florida Supreme Court transferred the notice of appeal to the Second District Court of Appeal. On March 23, 2007, the Second District filed a *per curiam* opinion, with citations, affirming the dismissal of the Rule 3.850 motion for lack of jurisdiction. Resp. Ex. 23. *Pizzo v. State*, 697 So. 2d 916 (Fla. 2d DCA 2007). The mandate was issued on May 10, 2007. Pizzo then signed the

present 28 U.S.C.§ 2254 petition on October 26, 2007, which was filed November 1, 2007. The petition is untimely.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S. C. § 2254(d)(1), provides that a person in custody pursuant to the judgment of a state court has one year from the date his judgment becomes final to file a § 2254 federal habeas petition. Ordinarily a judgment in Florida becomes final after thirty days if the defendant does not prosecute a timely appeal. *See McGee v. State*, 684 So. 2d 241 (Fla. 2d DCA 1996) (treating a judgment and sentence upon entry of plea as final when time for filing appeal expired); *Gust v. State*, 535 So. 2d 642 (Fla. 1st DCA 1988) (same). In this case, Pizzo's judgment became final, at the latest, on July 28, 2002, thirty days after the June 28, 2002, re-sentencing in Case No. 00-1814CFAES. Accordingly, absent any tolling applications in the state court, Pizzo had until July 27, 2003, to file his federal petition. Pizzo did not file his motion for postconviction relief until December 18, 2003, nearly eighteen months after his judgment became final and after the one-year AEDPA limitation period had expired.

Subsection (2) of § 2244(d) provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Pizzo filed his first, and only properly-filed, Rule 3.820 motion for postconviction relief on December 18, 2003. However, that motion had no tolling effect because it was filed five months and twenty-one days after the limitations period had already expired. *See Tinker v. Morre*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991(2000) to hold that a state court petition filed

4

following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled.")

Moreover, Pizzo waited an additional period of approximately eight months after the first Rule 3.850 became final with the issuance of the mandate on February 15, 2007, before he signed the instant federal petition on October 26, 2007. Successive postconviction motions which seek the same relief are not allowed under Rule 3.850 or 3.800. *See* Fla. R. Crim. P. 3.850(f); *Tannehill v. State*, 843 So. 2d 355, 356 (Fla. 2d DCA 2003). Such motions are improperly filed and do not qualify for equitable tolling under 28 U.S.C.§ 2254. *Cotton v. Crosby*, No. 8:05-cv-232-T-30EAJ, 2008 WL 434892 at *3 (M. D. Fla. Feb. 14, 2008); *Allen v. Siebert*, 552 U.S. 3 (2007). Pizzo's emergency state petition for writ of habeas corpus was considered an improperly filed second motion for postconviction relief while the appeal from the orders denying his initial Rule 3.850 motion after the evidentiary hearing were still pending. Therefore, the time during which the petition for the writ of habeas corpus was pending in the Florida Supreme Court, in the trial court for disposition as a Rule 3.850 motion, or on appeal does not toll the federal one-year period.

### Tolling Not Applicable

Pizzo claims his federal petition is not barred by the expiration of the limitations period because he is actually innocent of the underlying crimes of violation of probation and dealing in stolen property. The Eleventh Circuit has yet to decide whether there is an actual innocence exception to the federal limitations period. *See Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1315 (11th Cir. 2001); *Wyzykowski v. Dep't of Corr.*, 226 F.3d 1213, 1217 (11th Cir. 2000). In cases in which the § 2244(d)(1) limitation period has expired and the petitioner is claiming actual innocence, the federal court must first consider whether the petitioner can show actual innocence

5

before the court addresses whether an exception to the limitation period is required. *Wyzykowski*, 226 F.3d at 1218.

A habeas petitioner asserting actual innocence to avoid a procedural bar must show that his conviction "probably resulted" from "a constitutional violation." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A petitioner meets the "probably resulted" standard by demonstrating that, based on new evidence, it is "more likely than not that no reasonable juror would have found the petitioner guilty beyond a reasonable doubt." *Id.* at 329. This evidence must be reliable evidence, such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Id.* at 324. A court will review a petitioner's constitutional claims on the merits if petitioner presents new evidence which raises "sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317.

Pizzo produces no new, reliable evidence of actual innocence in his federal petition. Without meeting this burden, he cannot show that no reasonable juror would find him guilty beyond a reasonable doubt in light of new evidence. *See House v. Bell*, 126 S. Ct. 2064, 2077 (2006). Regardless of whether actual innocence is an exception to § 2254(d) in this circuit, Pizzo has not met the threshold burden of the actual innocence exception as described by the United State Supreme Court. *See Allen v. Yukins*, 366 F.3d 396 (6th Cir. 2004) (refusing to consider an exception to the statute of limitations because the evidence is "legally insufficient to establish that [petitioner] is actually innocent" of the charge).

Pizzo has shown no legal reason why his federal petition should not be barred for procedural default for exhaustion of the time limitation under 28 U.S. C. § 2254(d).

Accordingly, the court orders that Pizzo's petition is denied, with prejudice. The Clerk is directed to enter judgment against Pizzo and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S. C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issue presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**ORDERED** at Tampa, Florida, this _____ day of July, 2009.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to all parties and counsels of record